UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS P. BUDNICK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 14-cv-30001-MAP |
| ) | |
| JOHN DOE, ET AL., ) | |
|     Defendants. ) | |

MEMORANDUM AND ORDER RE:
MUNICIPAL DEFENDANTS' MOTION TO DISMISS AND
SUA SPONTE ORDER OF DISMISSAL
(Dkt. No. 6)

May 20, 2014

PONSOR, U.S.D.J.

I. INTRODUCTION

Plaintiff, Thomas P. Budnick, has been enjoined from filing suits in the District Court of Massachusetts without first filing a written petition seeking leave to do so since March 23, 2005. Budnick v. Blair, et al., No. 05-30058 (D. Mass. Mar. 23, 2005) (Standing Order, Dkt. No. 7). In this case, Plaintiff filed suit in Hampden County Superior Court, and on January 2, 2014, Municipal Defendants[1] removed the

---

[1] Municipal Defendants are Ludlow Police Officer John Doe, Ludlow Police Officer Mary Doe, Harwich Police Officer John Doe, Harwich Police Officer Mary Doe, the Ludlow Police Department, the Town of Ludlow, Ludlow Police Chief James McGowen, Ludlow Police Officer William Ross (misspelled as "Koss" in Plaintiff's Complaint (Dkt. No. 4 at 3)), Ludlow Police Officer Kim Ingalls, Ludlow Police Officer Albert Bellorini, the Harwich Police Department, the Town of Harwich, the Westwood Police Department, the Town of Westwood, Ludlow

action to this court.  Now before the court is Defendants' Motion to Dismiss.  For the reasons stated below, the court will allow this motion.

## II. FACTS

The allegations in Plaintiff's complaint largely echo the claims in a previously-filed suit that this court dismissed on October 30, 2013.  In re: Thomas Budnick, Nos. 13-93022 & 13-93023 (D. Mass. Oct. 30, 2013) (Mem. & Order 2-5, Dkt. No. 6).  The court will not repeat them in detail here.  Generally, and to the extent they can be comprehended, these allegations include alleged harassment by the Harwich and Ludlow Police Departments during which they blasted horns and shined spotlights into Plaintiff's second floor bedroom at all hours of the night and called him "space nut."  The complaint also offers a mining claim for the White House artifacts aboard the H.M.S. Fantome, which sunk off of Nova Scotia during the War of 1812.

In his Supplemental Pleadings (Notice of Removal 20, Dkt. No. 1, Ex. 2), Plaintiff has brought new allegations against Municipal Defendants Towns of Ludlow and Westwood,

---

Police Officer Stephen Sambor, and Ludlow Police Chief Pablo P. Madera.  Two individual Defendants, Barbara A. McEachern and Charles Menard, have neither responded to Plaintiff's complaint nor joined the motion to dismiss, though it appears from the state court record (Dkt. No. 4) that they were never served with a summons.

the Ludlow and Westwood Police Departments, Ludlow Police Officer Stephen Sambor, Ludlow Police Chief Pablo P. Madera, and Ludlow Police Officer John Doe.  Plaintiff claims that after his eviction on October 17, 2013, from 19 Harding Avenue in Ludlow, his home of sixty-six years, he continued to stop by to feed his wild cats.  In late October, he noticed that the cellar window to his former home was closed, and he apparently became concerned that some of his cats were stuck in the basement.

On November 23, 2013, he swung by the house again to check on the cats and walked up to the kitchen window to check the cellar window just below it.  Unbeknownst to Plaintiff, Defendants McEachern and Menard[2] were in the kitchen.  According to Plaintiff, when he discovered the house was occupied, he left.  The individual Defendants called the Ludlow police, who arrested Plaintiff for violating an abuse prevention order granted pursuant to Mass. Gen. Laws ch. 209A.  Plaintiff spent the following three days in jail.  He alleges that Defendant Ludlow Police Department arrested him for "spite and retation/revenge [sic]."  (Id. ¶ 42 at 22, Dkt. No. 1, Ex. 2.)

---

[2] Defendant McEachern is Plaintiff's only sister.  It is not clear what Defendant Menard's relationship to Plaintiff is, though Plaintiff alleges that Menard and McEachern reside at the same address in Westwood, Massachusetts.

Plaintiff's current thirteen-count civil action was filed on December 17, 2013, alleging claims for, among other things, obstruction of justice pursuant to the Fourteenth Amendment (Counts III & X), civil and criminal RICO conspiracy (Counts VI & XIII), and transfers of spoils of war pursuant to 50 U.S.C. § 2201 (Count VII). On January 2, 2014, Municipal Defendants removed the case to this court pursuant to 28 U.S.C. § 1331 (granting district courts "original jurisdiction over all civil actions arising under the Constitution [and] laws"). On January 16, 2014, Municipal Defendants filed their Motion to Dismiss (Dkt. No. 6), which Plaintiff opposes.

### III. DISCUSSION

Municipal Defendants now move for dismissal of all Plaintiff's claims on the bases of res judicata and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In addition, and as an independent basis for dismissal, they urge the court to use its inherent power to dismiss frivolous or malicious actions. See Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989). A "sua sponte" dismissal, though dispensed sparingly, can be appropriate if the parties have been provided notice and an opportunity to respond. Martinez-Rivera v. Sanchez Ramos,

498 F.3d 3, 7 (1st Cir. 2007).  Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a sua sponte dismissal may be proper even without prior notice to the plaintiff.  Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (internal quotations omitted).

This is a case where sua sponte dismissal, even if it were considered to be without notice, is entirely appropriate.[3]  It is true that Plaintiff did not defy the court's prohibition by filing his complaint here; rather, as noted, his case was removed from state court by Defendants.  Nevertheless, this complaint contains all the hallmarks of the copious other complaints this court has forbidden him to file without leave.[4]  Budnick, No. 05-30058 (D. Mass. Mar.

---

[3] Dismissal as to the Municipal Defendants is not without notice and opportunity to be heard, since Plaintiff has filed a written opposition to Defendants' motion to dismiss.  (Dkt. No. 8.)  Dismissal as to the individual Defendants, Barbara A. McEachern and Charles Menard is, in a sense, without notice, but it does not appear from the record, as stated earlier, that either of these Defendants has been served.

[4] Budnick v. Ludlow Police Officer John Doe, et al., Nos. 13-93022 & 13-93023 (D. Mass. Dec. 30, 2013) (Mem. & Order, Dkt. No. 6 (denying motion to institute lawsuit against many of the same defendants and bringing most of the same counts as here)); In Re: Petition to Instigate Lawsuit, No. 13-91254 (D. Mass. Oct. 31, 2013) (Order, Dkt. No. 3 (stating that "[g]iven

23, 2005) (Standing Order, Dkt. No. 7).[5] Like his previous complaints, this one is prolix, mostly undecipherable, and "replete with bald allegations and legal conclusions,

---

the nature of the petition, it is DENIED" where plaintiff sued same defendants and brought same counts)); Budnick v. Att'y Gen. of the U.S., No. 13-93002 (D. Mass. Feb. 5, 2013) (Mem. & Order 2, Dkt. No. 4 (denying motion for leave to file because the court considered "it to be an exercise in futility to permit this action to proceed further")); Budnick v. Springfield Technical Cmty. Coll., et al., No. 12-93030 (D. Mass. Sept. 21, 2012) (Order, Dkt. No. 3 (denying motion for leave to file complaint alleging seditious conspiracy against the defendants because the "complaint fails to set forth cognizable claims and its allegations are so bizarre as to be unsupportable")); In Re: Thomas Budnick, No. 10-30026 (sealed) (D. Mass. Dec. 17, 2010) (denying motion to institute lawsuit containing allegations against his sister regarding a fraudulent medicare application and lien on house); In Re: Thomas Budnick, No. 06-30006 (D. Mass. Jan. 25, 2006) (denying motion for leave to file a complaint bringing claims under "space law"); Budnick, No. 08-30002 (D. Mass. Feb. 5, 2008) (denying leave to file complaint containing allegations about the War of 1812 and White House artifacts because it was not described with sufficient clarity to permit a preliminary review).

[5] See Budnick v. Cumberland Farms, Inc. et al., No. 05-30115 (D. Mass. June 24, 2005) (Mem. & Order 1-2, Dkt. No. 10 (adopting Report and Recommendation of Magistrate Judge that complaint be dismissed as it would be "nearly impossible for any one defendant, let alone all [60] of them, to answer or otherwise reasonably respond") (cataloging previous suits, all abandoned or dismissed soon after filing or appeal, that led the court to enjoin Plaintiff from filing any more: Budnick v. Baybanks, Inc., No. 95-30045, Budnick v. Ajay Investigation, No. 95-30190, Budnick v. Creamer, No. 96-30169, Budnick v. Arrow Sec., No. 00-30133, Budnick v. Hampden Cnty. House of Corr., No. 04-30092, and Budnick v. Tony Blair, No. 05-30058).

without underlying factual support or necessary chronology to put any of the claims in context." In re: Thomas Budnick, No. 13-93022 (Mem. & Order 6, Dkt. No. 6). Even with the new allegations regarding his eviction at the end of 2013 and subsequent arrest for violating a restraining order, Plaintiff's complaint does not allege specific actions taken by Defendants McEachern or Menard, but rather simply rehashes the wild assertions brought in previous lawsuits dismissed by this court. See In Re: Thomas Budnick, No. 10-30026 (sealed). As the court has found previously, "it would be immensely unfair to the named defendants to permit these lawsuits to proceed." In re: Thomas Budnick, No. 13-93022 (Mem. & Order 7, Dkt. No. 6). Based on this, the court will dismiss Plaintiff's lawsuit as to <u>all</u> Defendants. Although Defendants' more formal arguments asserting the doctrine of res judicata and failure to state a claim have some force, it is not necessary to address them.

## IV. CONCLUSION

For the foregoing reasons, Municipal Defendants' Motion to Dismiss is hereby ALLOWED (Dkt. No. 6). Moreover, the court, exercising its inherent power to dismiss frivolous

actions, hereby <u>sua sponte</u> dismisses Plaintiff's complaint as to <u>all</u> Defendants. The case may now be closed.

It is So Ordered.

                                      <u>/s/ Michael A. Ponsor</u>
                                      MICHAEL A. PONSOR
                                      U. S. District Judge