UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS A. BUDNICK,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   Civil Action No. 14-30001-MAP
                                  )
LUDLOW POLICE OFFICER             )
JOHN DOE, et. al.,                )
                                  )
            Defendants            )

REPORT AND RECOMMENDATION WITH REGARD
TO PLAINTIFF'S APPLICATION TO APPEAL
*IN FORMA PAUPERIS*
June 13, 2014

NEIMAN, U.S.M.J.

Presently before the court is Thomas A. Budnick ("Plaintiff")'s application to appeal *in forma pauperis*, which application has been referred to this court. Insofar as a denial of the motion would be dispositive, the court proceeds by way of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons which follow, the court will recommend that the application be denied.

The background to this matter is set forth in District Judge Michael A. Ponsor's May 20, 2014 Memorandum and Order regarding the municipal defendants' motion to dismiss. (Document No. 14.) After noting the dismissal of a previously-filed suit commenced by Plaintiff, which echoed the claims in the instant matter, Judge Ponsor described the present complaint as having "all the hallmarks of the copious other complaints this court has forbidden [Plaintiff] to file without leave." (Id. at 5.) The only reason the instant matter found its way past this barrier was its having been commenced in state court and thereafter removed to this forum. In any event, the

complaint was found to be "prolix, mostly undecipherable, and 'replete with bald allegations and legal conclusions, without underlying factual support or necessary chronology to put any of the claims in context.'" (Id. at 6-7 (quoting *In re Thomas Budnick*, No. 13-93022 (Mem. & Order 6, Dkt. No. 6)).) Accordingly, Judge Ponsor dismissed the complaint not only as to the municipal defendants but, *sua sponte*, as to the remaining defendants as well.

As set forth in 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Here, based not only on Plaintiff's litigation history but on the failure of the instant complaint to state a cognizable federal claim, any appeal taken by him of this matter could not seriously be taken in good faith by Plaintiff. In short, in this court's view, the same considerations that led Judge Ponsor to dismiss the complaint now compel this conclusion. *See Griffin v. Transitional Assistance*, 2013 WL 139734, at *2 (D.Mass. Jan. 7, 2013).

Accordingly, the court recommends that Judge Ponsor certify, pursuant to 28 U.S.C. § 1915(a), that Plaintiff's appeal is not taken in good faith and deny Plaintiff's motion to waive the appellate filing fee. The court also recommends that Plaintiff be informed that further requests to proceed *in forma pauperis* in this matter should be directed on motion to the United States Court of Appeals for the First Circuit in accordance with Rule 24(a)(5) of the Federal Rules of Appellate Procedure. *See Hurt v. United States*, 2013 WL 6489951, at *2 (D.Mass. Dec. 5, 2013).[1]

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations

DATED: June 13, 2014

                                                   /s/   Kenneth P. Neiman
                                                KENNETH P. NEIMAN
                                                U.S. Magistrate Judge

---

must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.